COTY PROCESSING CO., INC. *v.* UNITED STATES (No. 3890)[1]

[1] T. D. 47768.

118

United States Court of Customs and Patent Appeals, June 10, 1935

*James W. Bevans* for appellant.
*Joseph R. Jackson*, Assistant Attorney General (*Charles D. Lawrence*, Special Assistant to the Attorney General, and *Daniel I. Auster*, special attorney, of counsel), for the United States.

[Oral argument May 29, 1935, by Mr. Bevans and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

LENROOT, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court, First Division, overruling two protests of appellant against the classification by the collector at the port of New York of certain empty perfume bottles and boxes, as entireties, dutiable under the provisions of paragraph 218 (e) of the Tariff Act of 1930 at the rate of 75 per centum ad valorem.

The bottles and boxes were imported in separate cartons.

Appellant in its protests claimed that the bottles and boxes were not properly assessable as entireties; that only the bottles were dutiable under said paragraph 218 (e), and that the boxes should be classified and assessed with duty at the rate of 20 per centum ad valorem, plus 5 cents per pound, under paragraph 1405 of said tariff act.

The protests covered two separate shipments. In the shipment covered by protest 704035–G/9295 there were 2100 bottles and 2563 boxes. The collector classified 2100 bottles and 2100 boxes as entireties, dutiable as aforesaid. The remaining 463 boxes were classified and assessed with duty under said paragraph 1405, and these boxes are not involved in this appeal. In the shipment covered by protest 704036–G/9236 there were 1900 bottles and 1307 boxes; the collector classified 1307 bottles and 1307 boxes as entireties dutiable under said paragraph 218 (e). The remaining 593 bottles were separately classified and assessed with duty under said paragraph 218 (e) and these bottles are not involved in this appeal.

In both shipments the bottles and boxes were separately packed. Each box, as imported, was enclosed within a white cardboard container.

Paragraph 218 (e) of said tariff act, so far as it is here pertinent, reads as follows:

Par. 218. (e) Bottles * * * wholly or in chief value of glass, of the character used or designed to be used as containers of perfume, * * *; bottles, vials, and jars, wholly or in chief value of glass, fitted with or designed for use with ground-glass stoppers, when suitable for use and of the character ordinarily employed for the holding or transportation of merchandise; all the foregoing produced by automatic machine, 25 per centum ad valorem; otherwise produced, 75 per centum ad valorem. * * *

Said paragraph 1405, so far as it is here pertinent, reads as follows:

Par. 1405. Papers with coated surface or surfaces, * * * and all boxes of paper or papier-mâché or wood covered or lined with any of the foregoing papers or lithographed paper, or covered or lined with cotton or other vegetable fiber, 5 cents per pound and 20 per centum ad valorem; * * *.

Upon the trial before the Customs Court, two witnesses testified upon behalf of appellant. The Government offered no testimony. Samples of the bottles and boxes were introduced in evidence as Exhibits 1 and 2, respectively.

The evidence established that the empty bottles were to be filled with perfumery manufactured in the United States and that, after sealing, said bottles containing perfumery were to be placed in the individual boxes represented by Exhibit 2; that each box has a removable drawer designed to hold the bottle, Exhibit 1, and that the drawer is well constructed and the outer end thereof matches the outside of the box in color. Tassels are attached by which the drawer may be withdrawn from the box. The inside of the box has two pieces of cardboard, so shaped and affixed as to hold the drawer firmly. The box is surface coated in attractive colors. Upon such surface there is printed matter and a design similar to the words and design on the bottle. One end of the box is ornamented with a small, button-like article. As hereinbefore stated, each box, as imported, was enclosed within a white cardboard container bearing the imprint "Coty, France."

The only issue in the case, upon the record before us, is whether or not the bottles and boxes here involved should be classified as entireties. They were so classified by the collector, and such classification was sustained by the Customs Court.

At the outset, we would observe that neither the provisions of sections 402 (c) or (d) of said tariff act, relating to containers, nor the provisions of section 504 of said act, relating to unusual containers of merchandise, are in any way involved here, for the reason that the boxes here in issue were not used as coverings for the bottles in their transportation to the United States. The Government concedes this, and no issue with respect to this was raised in the trial court.

In our view, our decision herein is controlled by our decisions in the cases of *United States* v. *Hensel, Bruckmann & Lorbacher, Inc.*,

22 C. C. P. A. (Customs) 281, T. D. 47330, and *United States* v. *E. Leitz, Inc.*, 22 C. C. P. A. (Customs) 277, T. D. 47329.

In the case first above cited, binoculars were imported in leather cases. It was stipulated that the cases were designed to hold the binoculars and imported with the binoculars they were designed to hold; that when the binoculars were in actual use they were removed from the cases, and that said cases performed no function except to hold the binoculars as a protection and to afford a convenient method of carrying them; that said cases and binoculars were not sold separately in this country, but always together, and that not all binoculars sold in this country are contained in cases. Upon this stipulation, we affirmed a judgment of the Customs Court holding that the cases and binoculars were not dutiable as entireties. In our opinion we there said:

> If the involved cases had been classified by the collector as the usual and ordinary containers for the transportation of the binoculars to the United States, we might be forced to hold the facts of record insufficient to overcome the presumption of correctness attending such classification. However, the record does not disclose that the involved articles were so assessed by the collector. That issue was not presented to the court below, was not raised in the assignment of errors, and apparently did not occur to counsel for the Government until the case was argued orally in this court. Accordingly, we do not consider it.
>
> Limiting our decision solely to the issues presented to the trial court, we must hold that the involved cases and the binoculars contained in them are not dutiable as entireties. They were not designed to be, nor are they capable of being, assembled together to make a new article having a new name, character, or use. On the contrary, each is a separate, distinct, and complete entity, the cases being designed merely as suitable containers for the binoculars when not in use during, and subsequent to, their transportation to the United States. That the doctrine of entireties is not applicable to the involved merchandise is so apparent that we deem it unnecessary to prolong this discussion. See *United States* v. *Kronfeld, Saunders, Inc.*, 20 C. C. P. A. (Customs) 57, T.D. 45679, and cases cited therein:

The case of *United States* v. *E. Leitz, Inc.*, *supra*, involved the question of whether certain imported cases specially designed and used as suitable containers for microscopes and accessories, when not in use, during and subsequent to their transportation to the United States, should be classified with said microscopes as entireties. A stipulation was made in said case on the trial before the Customs Court similar to the stipulation made in the case of *United States* v. *Hensel, Bruckmann & Lorbacher, Inc.*, *supra*. Following the principle of our decision in said last-mentioned case, we affirmed a judgment of the Customs Court holding that the cases and their contents were not dutiable as entireties.

We were careful to note in each of these decisions that the question of whether the cases there involved were usual containers was not in issue, and we have hereinbefore observed that that question is not here involved.

It will be observed, also, that the binoculars and microscopes dealt with in the above-cited decisions were imported in the cases there under consideration, whereas in the case at bar the boxes and bottles were packed separately.

Paraphrasing the above quotation from the *Hensel, Bruckmann & Lorbacher, Inc.* case, *supra*, we must hold that the involved boxes and bottles are not dutiable as entireties. They were not designed to be, nor are they capable of being, assembled together to make a new article having a new name, character, or use. On the contrary, each is a separate, distinct, and complete entity, the boxes being designed merely as suitable containers for the bottles, after they are filled with perfumery, until the bottles are opened by the ultimate users of the perfumery.

The evidence in this case shows that the box cannot be used practically as a container for the bottle after the bottle has been opened, for the box is so designed that the bottle, when placed therein, lies in a horizontal position, and the bottle, after being opened, could not be placed in said box in a horizontal position without leaking. The evidence further shows that, although the boxes are of a very attractive form and were specially designed for the perfumery bottles, the primary purpose of the boxes represented by Exhibit 2 is to protect the bottles during transportation to the retailer. As hereinbefore stated, the bottles were imported to be filled with perfumery manufactured in the United States, and the boxes were imported to serve as containers of the bottles, so filled with perfumery, until the bottles are opened by the users of the perfumery. When assembled, the bottles are still bottles and boxes are still boxes. When assembled, they do not make a new article having a new name, character, or use. None of the cases relied upon by the Government and cited in the decision of the Customs Court is applicable to the case at bar. We do not deem it necessary here to review these decisions, but content ourselves with stating that most of said decisions involved either the question of containers of merchandise used during transportation to this country, the issue being whether they were usual or unusual containers, or the question of whether the articles imported, when assembled, created a new article having a new name, character, or use.

The trial court relied largely upon long-continued administrative practice in classifying articles such as here involved as entireties. A witness for the appellant testified that he was an examiner at the port of New York and was the official who examined the merchandise here involved, and made an advisory classification thereof; that he had been examining merchandise of this character for 4 years, and that he and his predecessor, who for 25 years examined this class of merchandise, had advisorily classified merchandise like that here involved as entireties.

We would first observe that it is no part of the duty of examiners to classify merchandise. Under the statute that is the duty of the collector. Furthermore, it is questionable whether long-continued administrative practice, under the tariff laws, may be established by evidence of such practice at one port only, even though such port be the largest importing port in the country.

However, assuming, without deciding, that long-continued administrative practice has been established in classifying articles like those here involved as entireties, the rule is well established that administrative practice is determinative only when the meaning of a statute is doubtful. *United States* v. *Jules Raunheim (Inc.) et al.*, 17 C.C.P.A. (Customs) 425, T.D. 43867.

We find nothing in the paragraphs of the Tariff Act of 1930 here under consideration, or elsewhere in said act, which makes the question of the proper classification of the merchandise here involved doubtful, and hence the rule of long-continued administrative practice has no applicability herein.

We hold that the Customs Court erred in overruling the protests of appellant. The bottles are dutiable under the provisions of said paragraph 218 (e), but the boxes should have been classified and assessed with duty under the provisions of paragraph 1405 at 5 cents per pound and 20 percentum ad valorem, as claimed by appellant.

For the reasons stated, the judgment of the trial court is *reversed* and the cause is *remanded* for further proceedings not inconsistent with the views herein expressed.